UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOLABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC. and DELL INC., <br><br> Defendants. | Civil Action No. 6:21-cv-456-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSED MOTION TO STAY PENDING RESOLUTION OF
DEFENDANTS' MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE**

## TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ................................................................................ 2

II. ARGUMENT ................................................................................................................. 2

    A. Dell's Venue Motion Should Be Resolved Before The Case Proceeds .................. 2

    B. Equity Favors A Stay ............................................................................................... 4

III. CONCLUSION .............................................................................................................. 5

Defendants Dell Technologies Inc. and Dell Inc. (collectively, "Dell") respectfully request that this case be stayed pending this Court's ruling on Dell's Motion for Intra-District Transfer of Venue to the Austin Division ("Motion for Intra-District Transfer" or "Motion"). D.I. 28. Dell is seeking a stay at this time because Dell's Motion for Intra-District Transfer has been fully-briefed for over two months and the claim construction process is underway in this case with a *Markman* hearing tentatively scheduled for March 21, 2022. D.I. 35. If the case is to be transferred and reassigned, it would be most efficient for the newly-assigned judge to handle the claim construction process and make any claim construction rulings.

Dell, for its part, takes no position on the manner in which cases are assigned to judges in the Western District of Texas. However, Dell is aware that several cases that were previously transferred from the Waco Division to the Austin Division were reassigned to other judges including Hon. Lee Yeakel, Hon. Robert Pitman, and Hon. David Ezra. *See*, *e.g.*, *NeoWireless LLC v. Dell Technologies Inc., et al.*, Case No. 1:22-cv-00060-DAE (W.D. Tex.). If this case will likewise be reassigned upon transfer to the Austin Division, it would be most efficient for the judge who ultimately will preside over the case to also handle the claim construction process. Claim construction is one of the most significant events in a patent case, and it would be appropriate for the judge that is assigned to preside over trial to also make the necessary claim construction rulings in the case.

Any prejudice to Plaintiff VideoLabs, Inc. ("VideoLabs") from a short stay for resolving Dell's Motion for Intra-District Transfer would be negligible at best. VideoLabs does not sell any products or services and does not compete against Dell. Because this case may be reassigned upon transfer, Dell's Motion should be resolved before claim construction occurs, which timing is consistent with the well-established rule that motions to transfer should be given

"top priority." *In re TracFone Wireless, Inc.*, 848 F. App'x 899, 900 (Fed. Cir. 2021) (quoting *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003)); *see also In re Apple, Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("once a party files a transfer motion, disposing of that motion should unquestionably take top priority"); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (directing the district court to promptly resolve transfer motion); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is proper and convenient venue before addressing any substantive portion of the case."). In the event this case is ultimately transferred to another judge in the Austin Division, staying this case now before claim construction would provide that judge with an opportunity to make the claim construction ruling in this case.

## I.   PROCEDURAL BACKGROUND

VideoLabs, Inc. ("VideoLabs") filed this lawsuit on May 3, 2021 (D.I. 1) and Dell filed its Answer on July 9, 2021 (D.I. 24). Shortly thereafter, on August 2, 2021, Dell filed its Motion for Intra-District Transfer. D.I. 28. VideoLabs conducted venue discovery, which was completed in November 2021. D.I. 38. Dell's Motion has now been fully-briefed since November 30, 2021. D.I. 40; D.I. 44. Dell provided notice to the Court that its Motion was fully-briefed on February 2, 2022. D.I. 59. In parallel, the parties have begun the claim construction process, with Dell's Opening Brief submitted on January 26, 2022 (D.I. 50) and VideoLabs's Responsive Brief submitted on February 9, 2022 (D.I. 60). The Court has tentatively scheduled a *Markman* hearing for March 21, 2022. D.I. 35 at 2.

## II.   ARGUMENT

### A.   Dell's Venue Motion Should Be Resolved Before The Case Proceeds

"[D]istrict courts must give promptly filed transfer motions 'top priority' before resolving the substantive issues in the case." *TracFone Wireless*, 848 F. App'x at 900. Failing to

prioritize such motions can "frustrate 28 U.S.C. § 1404(a)'s intent to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Google*, 2015 WL 5294800, at *1 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  When a fully-briefed transfer motion is pending, appellate courts have found it appropriate "to stay all proceedings pending completion of the transfer matter." *Id.* at *2.  Consistent with this precedent, this Court has a formal policy to resolve inter-district transfer motions before conducting a claim construction hearing.  Second Amended Standing Order Regarding Motions for Inter-District Transfer dated August 18, 2021, at *1 ("The Court will not conduct a Markman hearing until it has resolved the pending motion to transfer.").

Dell respectfully submits that these considerations warrant a stay in this case while Dell's Motion for Intra-District Transfer is resolved.  A claim construction hearing is anticipated in less than a month, and fact discovery will commence soon.  For the reasons set forth in Dell's Motion, the Austin Division—where Dell's headquarters are located and where its witnesses reside—is clearly a more convenient forum for this discovery and substantive litigation.  It also makes no difference that Dell's Motion is for intra-district transfer, as opposed to inter-district transfer. The convenience analysis under 28 U.S.C. § 1404(a) applies equally to both inter-district and intra-district motions.  *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another.").

Resolving the transfer motion is important because this case may be assigned to a different judge following transfer to the Austin Division.  The presiding judge recently reassigned seven transferred cases to judges of the Austin Division.  *See e.g.,* Ex. 1, *Intelligent Agency, LLC v. NeighborFavor, Inc.*, No. 1:20-cv-777 (W.D. Tex. Nov. 12, 2021) (reassigning

case to Hon. Lee Yeakel). For purposes of judicial efficiency, this Court should not burden itself with the merits of this action in the short term, including claim construction, when it is likely that another judge will ultimately be responsible for this case. *See Apple*, 979 F.3d at 1337.

   **B.      Equity Favors A Stay**

A district court has inherent authority to stay its proceedings. *B&D Produce Sales, LLC v.Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016). Courts consider three factors in determining if a stay is proper: "(1) any potential prejudice to thenon-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation." *Id*. (citing cases). The Federal Circuit has recognized that a stay of proceedings on the merits is appropriate while a district court considers and resolves a transfer motion. *See In re SK hynix Inc.*, 835 F. App'x 600,601 (Fed. Cir. 2021); *see also Google*, 2015 WL 5294800, at *1-2 (directing the district court to stay all proceedings pending completion of the transfer motion).

VideoLabs would not be prejudiced by a stay. Dell expects that the stay would be short. In addition, VideoLabs does not offer any products or services and does not compete with Dell. In contrast, if a stay is not granted, Dell would continue to litigate in a less-convenient forum while its transfer motion is pending. Further, both parties could potentially be prejudiced if costly work, such as claim construction, is litigated in this Court, and then later has to be repeated or amended following a transfer. Judicial resources will be saved by staying this action now. Because this case may be transferred—and Dell respectfully submits that it *should* be transferred—there is no reason for the Court to spend its judicial resources on the merits of this case now. Moreover, because claim construction proceedings are upcoming—and because it is possible that transfer will result in the reassignment of this case to a judge in the Austin

Division—it is appropriate that the Court stay this case now so that the transfer issue can be resolved in advance of claim construction.

## III. CONCLUSION

Because staying this case is consistent with appellate precedent and the equities, this Court should stay all case activity until it renders a decision on Dell's Motion for Intra-District Transfer.

OF COUNSEL:

Josh Krevitt
Benjamin Hershkowitz
Paul E. Torchia
Laura F. Corbin
Sarah Segal
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com
ptorchia@gibsondunn.com
lcorbin@gibsondunn.com
ssegal@gibsondunn.com

Nathan R. Curtis
Audrey Yang
GIBSON DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Respectfully submitted,

By:  *Barry K. Shelton*

Barry K. Shelton
Texas State Bar No. 24055029
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
bshelton@winston.com
(214) 453-6407 (Telephone)
(214) 453-6400 (Facsimile)

*Attorneys For Defendants Dell Inc. and Dell Technologies Inc.*

Dated:  February 22, 2021

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties have conferred and plaintiff is opposed to this motion.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system.

*Barry K. Shelton*
Barry K. Shelton