# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| VIDEOLABS, INC., | § § | Case No. 6:21-cv-00456-ADA |
| Plaintiff, | § § § | Jury Trial Demanded |
| vs. | § § | |
| DELL TECHNOLOGIES, INC. and DELL INC., | § § § | |
| Defendants. | § § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................................. 1
II.    BACKGROUND ............................................................................................................... 1
III.   ARGUMENT AND AUTHORITIES ............................................................................... 2
IV.    CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Future Link Sys., LLC v. Advanced Micro Devices, Inc.*,
   No. 6:20-cv-01176-ADA, ECF 54 (W.D. Tex. Oct. 12, 2021) .............................................. 4, 5

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
   No. 2:20-CV-00269-JRG, Dkt. 227 at 4 n.1 (E.D. Tex. Dec. 10, 2021) ................................... 3

*In re Davis*,
   730 F.2d 176 (5th Cir. 1984) ................................................................................................... 3

*In re Ramu Corp.*,
   903 F.2d 312 (5th Cir. 1990) ................................................................................................... 2

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................................... 4

*Kaifi LLC v. T-Mobile US, Incorporated et al*,
   Case No. 2:20-cv-00281-JRG, Dkt. 274 at 5 (E.D. Tex. Sept. 24, 2021) ................................. 3

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................ 3

*MiMedxGrp., Inc. v. Tissue Transplant Tech. Ltd.*,
   No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015) ........................................ 3

*Neo Wireless LLC v. Dell Tech. Inc.*,
   No. 1:22-cv-00060 (W.D. Tex.) ............................................................................................... 4

*Neodron Ltd. v. Dell Tech. Inc.*,
   No. 1:19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) ............................ 2

*Odem v. Centex Homes, Inc.*,
   No. 3-08-CV-1196-L, 2010 WL 2382305 (N.D. Tex. May 19, 2010) ..................................... 4

I.   **INTRODUCTION**

Defendants acquiesced to this Court conducting claim construction. Although Defendants filed their motion for intra-district transfer in August, they proceeded with this case, agreeing to, and abiding by, case deadlines without a request to stay. Indeed, Defendants waited until after seeing VideoLabs' responsive claim construction brief—nearly seven months later—to request a stay. Claim construction briefing will be complete before briefing on Defendants' motion to stay. The Court should not permit Defendants to proceed with the claim construction process and jam the brakes at the last second. Doing so wastes the parties' resources, the District's resources, and the appointed technical advisor's resources.

In denying Defendants' request for stay, the Court considers (1) judicial resources; (2) harm to Defendants should this case continue; and (3) the prejudice to VideoLabs in staying the case. Under the first factor, Defendants assert a potential need to repeat claim construction should the case be transferred. There is no such need to repeat claim construction. This case will be resolved in this District regardless of the courthouse in which it is tried, and judges in this District regularly preside over cases in other courthouses in the District. Under the second factor, Defendants do not identify any specific harm in proceeding with pretrial activities in this Division. Under the third factor, Defendants argue that VideoLabs is not entitled to an expeditious resolution of this case because it does not sell products, an argument that has been repeatedly rejected. No factor supports a stay. As such, the motion should be denied.

II.   **BACKGROUND**

Defendants argue that a pending motion to transfer, alone, requires delaying resolution of this case. ECF 61. Yet, Defendants filed their motion for intra-district transfer on August 2, 2021 (ECF 28) and then waited nearly seven months, until February 22, 2022, to request a stay. ECF 61. After filing their motion for intra-district transfer, Defendants agreed to controlling deadlines

1

for this case. ECF 30. And the parties moved this case forward in accordance with those deadlines, serving infringement and invalidity contentions, exchanging claim terms and proposed constructions, disclosing extrinsic evidence in support of claim constructions, and completing (by tomorrow) claim construction briefing. ECF 35. The timing of Defendants' motion demonstrates that Defendants do not object to proceeding with claim construction before this Court. Instead, Defendants waited until after receiving VideoLabs' responsive claim construction brief (a brief demonstrating that Defendants' claim construction positions lack merit) to attempt to halt this case. Defendants do not identify any concrete hardship they would face having this matter proceed. Indeed, this case will be resolved in this District. Nor does the timing of Defendants' motion suggest they are concerned with saving judicial resources. Instead, Defendants' apparent strategy is to attempt to start the claim construction process anew, a strategy that only serves to waste resources. *See* ECF 61 at 4 (contemplating "repeat[ing] or amend[ing] claim construction"). There is no basis to repeat or amend claim construction when this case will be resolved in this District, regardless of the Division in which the case is tried. Defendants consented to claim construction in this venue, and the Court should reject Defendants' attempt at a mulligan.

## III.     ARGUMENT AND AUTHORITIES

Determining whether to stay a case falls within the Court's inherent discretional authority. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). Courts consider three factors when deciding whether to stay a case: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Neodron Ltd. v. Dell Tech. Inc.*, No. 1:19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019). No factor favors a stay.

VideoLabs would be prejudiced by a stay. Fact discovery is set to open March 22. A stay would stall fact discovery which would, in turn, delay resolution of this case. ECF 35. Defendants

argue that VideoLabs will suffer no prejudice only because it "does not offer any products or services and does not compete with Dell." ECF 61 at 4. As an initial matter, there is no evidence of record to support these conclusions. Nevertheless, "[a] patent holder has an interest in the timely enforcement of its patent right." *MiMedxGrp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). Defendants are "incorrect that simply because [Plaintiff] is a non-practicing entity it cannot be prejudiced by a stay." Ex. A, *Kaifi LLC v. T-Mobile US, Incorporated et al*, Case No. 2:20-cv-00281-JRG, Dkt. 274 at 5 (E.D. Tex. Sept. 24, 2021). Indeed, a delay in recovering money damages "is far from non-prejudicial." Ex. B, *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, Dkt. 227 at 4 n.1 (E.D. Tex. Dec. 10, 2021) ("The Court has little doubt that any hard-working American who is told their paycheck will be delayed 'just a few months' would agree that such causes them and their family no harm."). As such, "[t]he first factor weighs slightly in favor of [Plaintiff]—or is at worst neutral—as [Plaintiff] does have an interest in the efficient adjudication of its patent rights." Ex. A, *Kaifi* at 4.

     A party seeking stay must "make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay for which [it] prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984). Defendants will face no hardship by proceeding. Defendants argue that they would be prejudiced by litigating in a "less-convenient forum." Tellingly, Defendants identify no harm or inconvenience in continuing in the Waco Division pre-trial. There is none. The parties will not be required to travel to Waco. As the Court is aware, it holds *Markman* hearings via videoconference. Moreover, the Court hears discovery disputes via a "telephonic or Zoom hearing." Standing Order Governing Proceedings – Patent Cases at 3. Defendants' §1404

3

convenience arguments are not relevant to pretrial activities, particularly when the case is going to be tried in this District regardless. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008) (convenience factors relate to whether "***trial*** in the [current] Division would be inconvenient" (emphasis added)). That Defendants' §1404 convenience arguments are limited to trial is demonstrated by a recent case involving Defendants that was previously before the Court. *Neo Wireless LLC v. Dell Tech. Inc.*, No. 1:22-cv-00060 (W.D. Tex.). Under the specific facts of that case, the Court transferred the case to the Austin Division after finding "all the identified relevant willing witnesses live in the Austin Division." *Id.*, ECF 60 (Jan. 20, 2022) at 14. Once venued in the Austin Division, Judge Pitman reassigned the case to Judge Ezra in the San Antonio Division. Ex. C, *Id.*, ECF 64 (Jan. 26, 2022). Even though the Court determined that trial would be more convenient in the Austin Division, pretrial activities could properly proceed in a court in the San Antonio Division. *Id.*; *see also Future Link Sys., LLC v. Advanced Micro Devices, Inc.*, No. 6:20-cv-01176-ADA, ECF 54 (W.D. Tex. Oct. 12, 2021) (The Court transferred a case to the Austin Division while maintaining the case on its docket).

      Defendants also argue that claim construction before this Court may need to be "repeated or amended" if the case is transferred. ECF 61 at 4. Defendants offer no scenario where claim construction would need to be "repeated or amended." There is none: the same law, considerations, and analysis apply to every court in the Waco and Austin Divisions, and every court in the District. Indeed, "[w]hen an action is transferred . . . under the law of the case doctrine, the transferee court does not directly review either the transfer order ***or other rulings of the transferor court***." *Odem v. Centex Homes, Inc.*, No. 3-08-CV-1196-L, 2010 WL 2382305, at *1 (N.D. Tex. May 19, 2010), *report and recommendation adopted sub nom.*, *Odem v. Centex Homes*, No. 3:08-CV-1196-L, 2010 WL 2367332 (N.D. Tex. June 8, 2010) (emphasis added). Moreover, the purportedly "costly

4

work" of claim construction is complete, as briefing will be complete on March 9, the day after Plaintiff files the present brief. ECF 35.

The third factor likewise does not weigh in favor of a stay, as staying the case would only delay issues that must be addressed, and not conserve judicial resources. This District will render a claim construction ruling regardless of the Division in which the case is tried. Should the Court hold a Markman hearing, it will allow another court to forego expending resources should the case be transferred.[1] As discussed with the previous factor, there is no reason why a transferee court would be required to repeat the Markman process. Moreover, even if Defendants were correct that the Markman process would unnecessarily expend judicial resources—they are not—the Court could exercise its discretion to postpone the Markman hearing while allowing discovery to otherwise proceed.

There are no Federal Circuit cases requiring the Court to stay this case. Defendants cite authority relating to inter-district transfer for this proposition, but those cases are inapplicable here. While Defendants argue that the same transfer analysis applies to both inter- and intra-district transfer, the stay analysis—considering different factors—does not. With inter-district transfer, the case is necessarily transferred to another court with little relation to the transferor court. But with intra-district transfer, the Court may maintain the case. *Future Link Sys.*, ECF 54.

Moreover, the Court has recognized that there is no requirement to rule on an intra-district motion to transfer before the Markman hearing, as it has noted that it would "postpone the Markman hearing" only for "pending *inter*-district transfer" motions. August 18, 2021, Second Amended Standing Order Regarding Motions for Inter-District Transfer (emphasis added). The

---

[1] Moreover, any harm to Defendants or waste of resources is purely speculative, as this case will not necessarily be transferred. The case should not be transferred for the reasons discussed in VideoLabs' opposition to the motion (ECF 40).

5

Court does not have the same policy for intra-district transfer motions. And even with intra-district transfer motions, the Court's policy is to ***not stay*** the case. At most, the Court's policy is to postpone the Markman hearing. *Id.* Indeed, the Court explicitly recognizes that "Fact Discovery will begin one day after the ***originally scheduled*** Markman Hearing date." *Id.* (emphasis added). As no factor favors a stay and no authority requires or suggests that a stay is appropriate, Defendants' motion should be denied.

## IV.     CONCLUSION

For the forgoing reasons, VideoLabs respectfully requests that the Court deny Defendants' motion to stay.

Dated: March 8, 2022

Respectfully Submitted,

*/s/ M. Elizabeth Day*
M. Elizabeth Day (*pro hac vice*)
California Bar No. 177125
eday@kramerday.com
David Alberti (*pro hac vice*)
California Bar No. 220625
dalberti@kramerday.com
Sal Lim (*pro hac vice*)
California Bar No. 211836
slim@kramerday.com
Marc Belloli (*pro hac vice*)
California Bar No. 244290
mbelloli@kramerday.com
Jerry D. Tice II
Texas State Bar No. 24093263
jtice@kramerday.com
**KRAMER DAY ALBERTI LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Wesley Hill (SBN 24032294)
wh@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323

*Attorneys for Plaintiff VideoLabs, Inc.*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 8, 2022.

*/s/ M. Elizabeth Day*
M. Elizabeth Day
